Good morning, Your Honors. May it please the Court, my name is Victor Chavez and I represent the appellant in this matter, Larry Banks. As the Court knows, this case involves a trial that occurred in 2009 for a murder that occurred in 1997. Now, at this trial, evidence of uncharged criminal conduct committed in 1971 was introduced. And as propensity under Evidence Code 1108 and under CalCrim Instruction 1191. Prior to permitting the jury to hear the evidence of the 1971 sexual assault, the Court instructed the jury that it could only consider the evidence if the people proved, by the jury by preponderance of the evidence, that the defendant did, in fact, commit the uncharged offense about which it was going to hear. The Court did explain the difference between the preponderance standard versus the beyond reasonable doubt standard. And it told the jury that it was to disregard this evidence if it was not persuaded by preponderance of the evidence that Mr. Banks had committed the 1971 assault. Now, the Court, and I think this is really the heart of the matter, further instructed that if it accepted that the prior sexual assault in 1971 had been committed by Mr. Banks, then it could draw the conclusion that he was predisposed or inclined to commit sexual offenses. And based on that, that it could conclude that he was likely to commit a sexual offense resulting in the murder, such as that charged in 1971. In the trial. Now, this instruction was given prior to the testimony concerning the 1971 assault, and it was also given just prior to closing argument. And as the panel knows, the murder here was a violent, brutal crime committed, in the government's, the people's theory, during the commission of a felony, which was an attempted rape. The 1971 testimony was testimony that a Ms. Merchant had been sexually assaulted by Mr. Banks during a 1971 robbery. And in that case, she had previously testified at a preliminary hearing. She had identified Mr. Banks as her attacker. And after the preliminary hearing, in that case, Mr. Banks had entered a guilty plea to one count of robbery. The second count of robbery, and a count of sexual assault were dismissed. So at. You're not objecting to the admissibility of the evidence, are you? I am not, Your Honor. I do. It's clear that that evidence could come in. Yes. And I don't believe that's within the purview of this appeal. So the problem with this instruction is that, given the context of what was going on here, the instruction, we believe, violated Mr. Banks' due process rights, because it essentially told the jury that, based on evidence proved by preponderance of the evidence, it could conclude that Mr. Banks was likely to commit a murder. Well, since the theory was felony murder, why wouldn't that be relevant to the underlying felony, the propensity? Well, I'm not so much – I'm not attacking the admission of the evidence. The propensity of – Well, you're not attacking the giving of a propensity instruction, either, are you? I'm attacking the instruction. Right. Only the language of the instruction, which I think went too far. It said that he was – under these circumstances, to tell the jury that he was likely to commit a murder, I think, affected the ultimate standard of proof, and that the jury could then convict him based on facts proven only by preponderance of the evidence. And I think that this calls into question the validity of the verdict. Did Mr. Banks get a verdict based on proof beyond a reasonable doubt? And that's the infirmity with the wording of the instruction. I'd also point out that in – Wasn't the jury instructed fully on its duty to find guilt beyond a reasonable doubt? I have to admit that it was. The – a good job was done of reconciling the difference between preponderance of the evidence and the beyond a reasonable doubt standard. Right about that. So our position is that the wording of the jury instruction had the effect of diluting, invitiating the proof beyond a reasonable doubt standard. And we think for that reason we cannot have faith that Mr. Banks was convicted by proof beyond a reasonable doubt. And this is particularly so given the context of a brutal, violent murder and a brutal violent sexual assault, which was the uncharged prior sexual offense. I'd like to reserve some time for rebuttal. Yes. Thank you. Good morning. May it please the Court. Justin Riley on behalf of the Warden. Even if we set aside the lack of clearly established Supreme Court precedent on the issue, on the admission of allegedly irrelevant or prejudicial evidence, and we set aside the State court's interpretation that no reasonable juror would have interpreted the language in this instruction in an impermissible way, appellant is also incorrect that the prior crime evidence was completely irrelevant to the killing. Remember in California, felony murder only requires intent to commit the underlying felony and then a resulting death. Here, the evidence and the argument by the prosecutor only pointed toward one defendant, one perpetrator. And the person who committed the sexual assault also committed the killing. That was the evidence in the argument. Here, the jury could use the person who committed the sexual assault and then that person killed the victim. And even if that is an improper purpose, so we're four times removed from the argument, it was harmless in any event because we would have to assume on our path to relief that the jury did the absolute most irrational thing and use sexual assault evidence where the evidence to find that the appellant had the propensity to commit sexual assault and then make the logical leap into, oh, sexual assaulters must also be murderers. If that is completely irrational, then we must presume the jury did not do the most completely irrational thing. I'd love to answer any other questions. Well, his essential argument is the instruction, change the burden of proof. What's your response to that? The burden of proof argument is different than the ones presented to the state court and the district court. You'll notice in the Court of Appeals opinion at, oh, sorry, at page 20 of my brief, toward the top of, it says defendant, second, or the first full were it not for the underlying language in the passage quoted above. Not only did the, did appellant only raise a challenge to the Calcrim 1191 propensity instruction, but he focused the state appellate court on the use aspect of the instruction whereby sex offense evidence can only be used for sex offense charged crimes and not murder crimes. He didn't speak at all about reasonable doubt, but I will say that the reasonable doubt instruction was a misstatement, to be sure, if that's actually what the trial court said, and we didn't get to test this evidence on collateral review, for example, or find out what the trial court actually said. But if we assume that the record is correct in that the jurors follow the written instructions, which were correct, and that double negative came after a very specific explanation of what reasonable doubt was and that they were to find, I'm sorry, they were to acquit the defendant if they had a reasonable doubt, and then immediately the trial court said that means you must not find him not guilty. Obviously, that's ridiculous, and again, we don't. And I assume that the case wasn't argued that way in closing arguments either. No. I believe the prosecutor brought up reasonable doubt and explained reasonable doubt, as did the defense attorney over eight to ten times, I think I counted, and the prosecutor conceded I must prove all these charges beyond a reasonable doubt, et cetera. Further questions? Thank you. I submit. Just to clarify, it's not the appellant's position that the evidence of the prior non-charged crime was irrelevant. It's our position that there was a structural – that the defect in the jury instruction was structural, that it's not subject to harmless error review. And I think this is particularly so given the context, the type of crime we have, the fact of the double negative instruction, which we all certainly can assume – well, I believe it was the court misspoke. However, he did say that to the jury, and what the jury did with that, we're not able to tell. So how do you deal with the presumption that the written instructions control and the written instructions were accurate? Oh, well, Your Honor, the written instructions were accurate. I'm not trying to say otherwise. Right. Okay. And the – I really don't have an answer to that, frankly. I do want to say that I don't believe that we have raised a different argument from that which was presented to the court of appeals and the district court. I think that it is taken in a different direction. That is true. But the argument that was made before the court of appeals and in the district court is in my brief. It's mentioned at page 20. The court certified the question of whether the propensity instruction violated due process. And this is where the question took us, because I think that that is how it violated due process. It vitiated the – it lowered the standard of proof from beyond a reasonable doubt to a preponderance of the evidence. And you were representing Mr. Banks pursuant to the direction of this court that counsel be appointed? Correct, Your Honor. That's all I have. Thank you. Thank you. Thank you both for your arguments. The case just argued to be submitted for decision. Thank you for your representation.
judges: Schroeder, Thomas, Nguyen